RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0357P (6th Cir.)
File Name: 03a0357p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

—————

ROBERT R. KRILICH, SR.,
*Plaintiff-Appellant,*

*v.*

No. 02-5089

FEDERAL BUREAU OF
PRISONS,
*Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 01-00391—Karl S. Forester, Chief District Judge.

Argued: September 17, 2003

Decided and Filed: October 7, 2003

Before: SUHRHEINRICH, COLE, and ROGERS, Circuit
Judges.

—————

**COUNSEL**

**ARGUED:** James A. Earhart, Louisville, Kentucky, for
Appellant. Thomas Lee Gentry, ASSISTANT UNITED
STATES ATTORNEY, Lexington, Kentucky, for Appellee.
**ON BRIEF:** Michael R. Mazzoli, Scott C. Cox, COX &

2    *Krilich v. Federal Bureau of Prisons*    No. 02-5089

MAZZOLI, Louisville, Kentucky, for Appellant. Thomas
Lee Gentry, ASSISTANT UNITED STATES ATTORNEY,
Lexington, Kentucky, for Appellee.

—————

**OPINION**

—————

ROGERS, Circuit Judge. Robert R. Krilich, Sr., is a
federal inmate currently incarcerated at the Federal Medical
Center in Lexington, Kentucky. Krilich appeals the judgment
of the district court dismissing his claims for failure to
exhaust administrative remedies as required under the Prison
Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C.
§1997e(a).[1] Krilich also appeals the alternative ruling of the
district court dismissing his claim under the Administrative
Procedure Act ("APA") for lack of jurisdiction under 18
U.S.C. § 3625.[2] Because the PLRA requires Krilich to
exhaust his administrative remedies and he concedes that he
failed to do so, we affirm the ruling of the district court.

Although Krilich's complaint asserted several claims
against the Federal Bureau of Prisons ("BOP"), he appeals
only the dismissal of two of those claims here. The first
arises from his confinement at the Federal Correctional
Institute ("FCI") in Petersburg, Virginia. Krilich alleges that

—————

[1]The PLRA provides, in relevant part, that "no action shall be
brought with respect to prison conditions under section 1983 of this title,
or any other Federal law, by a prisoner confined in any jail, prison or
other correctional facility until such administrative remedies as are
available are exhausted."

[2]18 U.S.C. §3625 provides that 5 U.S.C. §§554, 555, and 701-706
(specified provisions of the APA) "do not apply to the making of any
determination, decision or order" under the provisions of 18 U.S.C.
§§ 3621 et seq. The latter provisions deal with various BOP
responsibilities, including assignment, transfer and release of prisoners.

prison officials at FCI-Petersburg monitored telephone conversations with his attorney and opened his clearly marked legal mail outside his presence, in violation of the confidentiality of his attorney-client relationship and his rights under the Fifth Amendment.

His second claim arises from the BOP's "Electronic Drug Detection Pilot Program," initiated under BOP Operations Memorandum No. 027-98 (5267). While Krilich was incarcerated at FCI-Petersburg, his wife was denied the opportunity to visit him because she tested positive for the presence of drugs when tested by the BOP's new drug detection equipment for the presence of narcotics. If a visitor tested positive for the presence of narcotics, that visitor's visitation privileges were suspended. Mrs. Krilich went to great lengths to have her privileges reinstated, including submitting to a drug test at a local laboratory and volunteering to submit to a strip search prior to entering the prison, but to no avail. Krilich asserts on appeal that the BOP's electronic drug detection program is illegal because it was never submitted for notice and comment as required under the APA.

Krilich filed internal grievances for each of his claims, but his grievances were either untimely filed or not pursued through all levels of the BOP grievance process. He concedes that he failed to exhaust his administrative remedies. Instead, Krilich argues that his Fifth Amendment claim is not subject to the PLRA because it is not brought "with respect to prison conditions." Krilich argues that the confidentiality of the attorney-client relationship transcends the conditions of time and place. He asserts that the confidentiality of the attorney-client relationship is inviolate at all times in all places and is not a "prison condition" that the BOP can lawfully regulate. According to Krilich, attorney-client confidentiality is out of the scope of the BOP's lawful authority and is, therefore, not subject to the requirements of the PLRA. We disagree.

Krilich is correct that the confidentiality of the attorney-client relationship is entitled to protection even where the

client is a prisoner. *See Sallier v. Brooks*, No. 01-1269, 2003 WL 22143291, at *3 (6th Cir. Sept. 18, 2003) ("[W]e have heightened concerns with allowing prison officials unfettered discretion to open and read an inmate's mail . . . especially correspondence that impacts upon or has import for the prisoner's legal rights, the attorney-client privilege, or the right of access to the courts."). His argument that the BOP's attempts to intrude on that confidentiality are not "prison conditions," however, limits the meaning of those words without any basis in logic or law. Prison intrusions on a prisoner's privacy, legitimate or not, are obviously prison conditions.

Krilich goes on to argue that the district court erred when it concluded that it lacked jurisdiction to consider his APA challenge to the BOP's electronic drug detection program under 18 U.S.C. § 3625. We need not reach this issue because, as discussed above, Krilich has not exhausted his administrative remedies as required under the PLRA. Krilich's claim relating to his ability to receive visitors is a claim made "with regard to prison conditions," and the APA falls within the broad sweep of claims subject to the exhaustion requirements of the PLRA. 42 U.S.C. § 1997e(a) (Supp. 2003) (providing that prisoner cannot bring an action brought under §1983 "or any other federal law" regarding prison conditions without exhausting administrative remedies).

For the foregoing reasons, the judgment of the district court is AFFIRMED.